UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Angel Alcala Sanchez, Petitioner v. Todd Blanche, et al., Respondents | Case No. 2:26-cv-02697-CDS-MDC **Service and Appointment Order** [ECF No. 1] |

Petitioner Angel Alcala Sanchez, an immigration detainee who is challenging the lawfulness of his federal detention at Nevada Southern Detention Center, has filed a pro se petition for federal habeas corpus relief under 28 U.S.C. § 2241 and paid his filing fee. ECF Nos. 1, 1-2. Alcala Sanchez asserts that he is bringing this petition for writ to seek enforcement of his rights as a member of a certified class action.[1] ECF Nos. 1 at 2; 1-1. But his petition lacks sufficient information to determine under what statutory authority the petitioner is detained or what constitutional claims he may have, so I defer ruling on the petition. However, I find that the appointment of counsel is in the interests of justice due to the potential complexities of this case and to permit counsel to file an amended petition if warranted. [2] I also direct that the petition be served on the United States Attorney's Office for the District of Nevada (USAO).

This court has the express authority to "use[,] or authorize the use[,] of suitable discovery procedures" to dispose of a viable habeas petition "as law and justice require." *Harris v. Nelson*, 394 U.S. 286, 290 (1969) (quoting 28 U.S.C. § 2243); *see also* Rule 7, § 2254 Rules (empowering a court to direct the parties to expand the record by submitting additional materials

[1] Because it is unclear under what statutory provision Alcala Sanchez is being detained, it will not be reassigned into the class action in 2:25-cv-02136-RFB-MDC at this time.

[2] Prisoners applying for habeas corpus relief are entitled to appointed counsel when the circumstances indicate that appointed counsel is necessary to prevent due process violations or whenever the interests of justice so require. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); 18 U.S.C. § 3006A; Rule 8(c), Rules Governing § 2254 Cases.

relating to the petition). The court concludes limited discovery is necessary to expand the record and properly dispose of this matter.

It is therefore ordered that the federal respondents must PRODUCE the following records, which are relevant to the lawfulness of the petitioner's detention: (1) I-200 Warrant for Arrest of Alien; (2) Form I-286 Initial Custody Determination; (3) Form I-862 Notice to Appear; (4) Form I-213 Record of Deportable or Inadmissible Alien; (5) all immigration court orders in the petitioner's removal proceedings or custody redetermination proceedings; (6) documents reflecting any appeal of any immigration court orders by the Department of Homeland Security or the petitioner; (7) transcripts and/or audio recordings of any custody redetermination proceedings; (8) any other records the federal respondents rely on to justify petitioner's detention. Specifically, the federal respondents must PRODUCE these materials to the petitioner's counsel **by September 10, 2026**. Alternatively, by that same date, the federal respondents must CERTIFY that, after a diligent search, they have determined that the records are not in their possession, custody, or control.

It is further ordered that the Federal Public Defender for the District of Nevada (FPD) is appointed to represent the petitioner and is directed to file a notice of appearance (or indicate its inability to represent the petitioner) by September 2, 2026. If the FPD is unable to represent the petitioner, alternate counsel will be appointed. Appointed counsel will represent the petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. If the FPD files a notice of appearance in this matter, it (1) will then have 14 days to file either an amended petition or a motion to dismiss the petition, and (2) must effectuate service of the amended petition, if one is filed, on the respondents.

It is further kindly ordered that the Clerk of Court:

1. ADD the USAO to the docket as an Interested Party. Pursuant to District of Nevada's General Order 2026-03 (Feb. 13, 2026), this constitutes service on all federal respondents under Federal Rule of Civil Procedure 4 and 28 U.S.C. §

2243. The petition (ECF No. 1) is deferred. The USAO is not required to file a response to the petition at this time.[3]

2. **SEND** a copy of the petition (ECF No. 1) and this order to the Federal Public Defender at ecf_nvchu@fd.org, the petitioner, and the CJA Coordinator for this division.

3. **MAIL** a copy of the petition (ECF No. 1) and this order pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure to John Mattos, Warden, Nevada Southern Detention Center, 2190 E. Mesquite Ave., Pahrump, NV 89060.

4. **SEND** a courtesy copy of the petition (ECF No. 1) and this order to Ashley Hesman (Mattos's attorney) at ahesman@strucklove.com.

It is further ordered that the parties must meet and confer regarding any requests for an extension of deadlines and stipulate to the extension if possible. Any motion for extension must certify efforts taken to meet and confer and indicate the opposing party's position regarding the extension. Any motion or stipulation must comply with Federal Rule of Civil Procedure 6(b) and Local Rules IA 6-1, 6-2.

It is further ordered that the respondents must not transfer the petitioner out of this District, with the exception of effectuating the petitioner's lawful deportation,[4] until further order of the court. In the event of lawful deportation, the respondents' counsel must file a notice with the court within five days of removal.

Dated: August 27, 2026

Cristina D. Silva
United States District Judge

[3] Should the petitioner file an amended petition, the respondents are ordered to file a response within fourteen days of being served with the amended petition. The petitioner will have five days to file a reply.
[4] *See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (noting the court may use its "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").